REDMANN, Judge.
We view as determinative of this case that the basic cause of action is a tort claim against the owner of a large office and garage building by a workman injured while working there for an employer who had contracted to daily remove trash from inside the building. (That contract was with a janitorial service company which had contracted with a management company to provide all janitorial services, and the management company had contracted with the owner to manage the building.)
We affirm the trial judge’s ruling that the building owner was the statutory employer of the injured workman.[1] The owner conducted its office-rental business by renting with rather than without janitorial service, thus making janitorial service “work . . which [the principal] had contracted to perform,” La.R.S. 23:1061. Plaintiffs argue that trash removal to the dump is not part of the owner’s business, but that is not our problem: our facts are that the workman is injured while removing the trash from inside the building (while he was inside the building) and, while an owner may rent space in a building without obliging itself to remove trash, our owner did not.
Affirmed.
LEMMON, J., dissents.

. We ignore an exception of prescription. Defendant insurer was timely sued as the insurer of the owner of the building, notwithstanding that the owner was not named- until a later pleading.
More important, we ignore that the statutory employer-exclusivity defense was contained in an exception (titled “no right of action”, see C.C.P. 927(5)). There was an earlier motion for summary judgment, there was full opportunity to introduce evidence and to argue, and there is no dispute over the facts pertinent to the statutory employer defense.