CURRAULT, Judge.
This appeal originates in the Twenty-Fourth Judicial District Court, Division “N”, Parish of Jefferson, wherein the Honorable James L. Cannella granted defendants’ motion for summary judgment dismissing plaintiff’s claim. We affirm.
The City of New Orleans (the City), by and through the New Orleans Aviation Board (the Board), a municipal agency created by the City for the purpose of managing the New Orleans International Airport (the Airport), contracted with various airline tenants at the airport to provide and supply custodial services necessary to keep the public and passenger space at the airport clean, neat, orderly, sanitary and presentable. In satisfaction of the Board’s contractual obligation to its airline tenants, the City engaged Reguard Industrial Service (Reguard) to provide the contemplated custodial services. Mr. Otis W. Scott was one of several Reguard employees engaged in the performance of these janitorial services.
On December 1, 1980, while in pursuit of his janitorial duties, Mr. Scott slipped and fell on a stairwell inside of the airport terminal building. As a result, Mr. Scott instituted suit against the City of New Orleans, d/b/a and/or New Orleans Aviation Board d/b/a New Orleans International Airport and Puritan Insurance Company, the liability insurer of the City and/or the Board. All defendants moved for summary judgment on the grounds that there were no genuine issues of material fact and that the City, by and through the Board, was the statutory employer of plaintiff and therefore entitled to judgment as a matter of law dismissing plaintiff’s tort suit.
The trial court granted the relief sought by defendants and dismissed plaintiff’s suit. No written reasons for judgment were rendered, but the trial court’s ruling was predicated on the legal determination that janitorial service was work which the City, by and through the Board, had contracted to perform within the meaning of Louisiana Revised Statutes 23:1061.[1] Plaintiff now brings this appeal asserting such judgment to be error.
Appellant concedes the City, because of its contracts with the various airlines to provide specific services, fits the definition of a “statutory employer.” Appellant argues the Board, however, has no such status as it has no contracts with either the airlines or Reguard.
It is uncontroverted that the City, by and through the Board, a municipal agency created by the City pursuant to LSA-R.S. 2:131, contracted with the airline tenants to provide janitorial services. The Board, contrary to appellant’s assertion, was a party to the contracts of lease and were specifically listed in said leases as the lessor of airport property. It is also uncontroverted that appellant was engaged in the perform- *1170 anee of these janitorial services which the City and Board agreed to provide. The trial court recognized the City and the Board as the plaintiffs statutory employer.
The matter sub judice is analogous to Highlands Ins. Co. v. United States Fidelity and Guaranty Co., 381 So.2d 1257 (La.App. 4th Cir.1980). Therein, the plaintiff, while acting in the course and scope of his duties as a janitor, was injured while removing trash from inside a building. The plaintiff in Highlands was directly employed by a janitorial company, but was held to be the statutory employee of the owner/lessor of the building which was contractually obligated to provide janitorial services for its tenants. Recognizing the availability of the statutory employer defense to the owner/lessor, the court in Highlands, supra, at 1258, stated that because “the owner conducted its office-rental business by renting with, rather than without, janitorial service, [the] janitorial service [constituted] ‘work ... which [the principal] had contracted to perform.’ within the meaning of LSA-R.S. 23:1061.”
Appellant has not suggested that Highlands, supra, is inapposite, nor has he attempted to distinguish that decision. Rather, he has advanced the argument that the Board should not be considered his statutory employer because the Board was not a signatory to the contract between the City and Reguard. Appellant’s argument is misplaced.
The applicable jurisprudence does not require that the principal be a party to the contract by which the contemplated services are obtained where it is evident that the party executing the contract does so for the benefit of the principal. In Highlands, supra, the lessor of the building was not a party to the contract by which the janitorial services it had agreed to provide were obtained. Instead, a management company had executed the janitorial services contract on its behalf. The fact that the management company and not the lessor, had contracted with the janitorial company was of no consequence because it was clear that the janitorial contract was obtained in satisfaction of the lessor’s obligation to its tenants.
It is equally clear in the instant matter that the City executed the Reguard contract on behalf of and for the benefit of the Board in satisfaction of the Board’s obligation to conduct the airport by renting with, rather than without, janitorial services. Appellant was engaged in the performance of these janitorial services and there is no question, under Highlands, supra, but that the Board is the appellant’s statutory employer.
Accordingly, for the foregoing reason, the judgment dated July 20, 1984, dismissing appellant’s claim is affirmed with all costs of this appeal to be assessed against appellant.
AFFIRMED.

. LSA-R.S. 23:1061 provides in pertinent part:
"Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him;.... ” (Emphasis added)